

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HYACINTH L.,

        Plaintiff,

v.                                            CIVIL ACTION NO. 2:20cv641

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

*MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on Hyacinth L.'s [1] ("Plaintiff") Objection to the Report and Recommendation ("R & R") of the Magistrate Judge ("Objection") dated April 29, 2022. Pl.'s Obj. R & R, ECF No. 26. For the reasons set forth below, the Court will overrule Plaintiff's Objection and the Magistrate Judge's Report and Recommendation is **ADOPTED**. Accordingly, Plaintiff's motion for summary judgment, ECF No. 19, is **DENIED**, Defendant's motion for summary judgment is **GRANTED**, ECF No. 22, and the decision of the Acting Commissioner ("Defendant") is **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's Report and Recommendation. *See* R. & R. Apr. 29, 2022, ECF No. 25 ("R & R"). This case involves Plaintiff's claims for disability and supplemental security income ("SSI") benefits under the Social Security Act. *See* Administrative Record, ECF No. 14 ("R"). On February 5, 2020, an

---

[1] In accordance with a committee recommendation of the Judicial Conference, plaintiff's last name has been redacted for privacy reasons. Comm. On Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy Concern Regarding Social Security and Immigration Opinions 3 (2018).

1

Administrative Law Judge ("ALJ") issued a written opinion finding that Plaintiff did not qualify for disability or SSI benefits. R. 24. The ALJ followed the sequential five-step analysis outlined in 20 C.F.R. § 404.1520(a) to evaluate Plaintiff's disability claim. R & R at 19. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity as of the alleged onset date of disability. *Id.* at 20 (citing R. 14). "At steps two and three, the ALJ found that Plaintiff's left eye blindness and uveitis, degenerative joint disease of the right shoulder, degenerative disc disease of the lumbar spine, osteoarthritis of the bilateral knees, and obesity constituted severe impairments." *Id.* at 20 (citing R. 15). However, the ALJ found that the severity of these impairments considered "either singly and in combination, failed to meet or medically equal" the severity of one of the impairments listed in the applicable regulation, meaning Plaintiff did not qualify as disabled at step three. *Id.* (citing R. 15-16).

At step four, the ALJ proceeded to determine Plaintiff's residential functional capacity ("RFC"), concluding that Plaintiff possessed the RFC to perform a reduced range of light work with certain limitations. *Id.* (citing R. 15-16). While the ALJ found that Plaintiff's impairments could be reasonably expected to cause certain alleged symptoms, he did not find Plaintiff's statements or the opinion of Plaintiff's treating physician, Dr. Javier, regarding the limiting effects of other impairments to be entirely consistent with the medical and record evidence. *Id.* at 21 (citing R. 18). However, the ALJ did find objective examinations such as Plaintiff's negative skull x-ray, normal echocardiogram results, lack of acute distress, normal range of motion without acute joint synovitis, normal strength and sensation, normal coordination, normal neurological examinations and memory, normal gait, Roberg signs being negative, and right eye visual acuity ranging from 20/20 to 20/50 to be substantial evidence of Plaintiff's "mostly normal findings in strength, sensation, range of motion and gait." *Id.* at 34 (citing R. 22) (internal citations omitted). Absent specific medical evidence and more persuasive support contradicting the objective examinations and other record evidence, the ALJ

2

did credit Dr. Javier's opinion regarding additional limitations that would dictate Plaintiff "needing extra rest breaks in each workday, fifteen days off per month, no more than three hours of standing or walking in an eight-hour work day, and avoiding pushing and pulling hand or leg controls." *Id.* at 28-29 (citing R. 21, 1180-82). Given Plaintiff's determined RFC, the ALJ found that Plaintiff was capable of performing Plaintiff's past relevant work as a customer service representative and dispatcher. *Id.* At step five, the ALJ found that Plaintiff could also perform other available jobs that exist in the national economy, including a counter clerk, non-postal mail clerk, and an office helper. *Id.* at 24 (citing R. 22-23).

On December 23, 2020, Plaintiff brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of the decision of the Commissioner of Social Security ("Defendant"). By order filed on July 13, 2021, this action was referred to United States Magistrate Judge Robert J. Krask ("Judge Krask") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[2]

On April 29, 2022, Judge Krask filed his R & R, recommending that Plaintiff's Motion for Summary Judgment be denied, Commissioner's Cross Motion for Summary Judgment be granted, and the decision of the ALJ be affirmed. R & R, ECF No. 25.

On May 12, 2022, Plaintiff filed an objection to Judge Krask's R & R, claiming that Judge Krask erred in his review of Plaintiff's RFC determination by finding that the ALJ's assessment of Dr. Javier's opinion is supported by substantial evidence and satisfied the articulation requirements of 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). *See* Pl.'s Obj. On May 19, 2022, the

---

[2] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

3

Commissioner filed a Response to Plaintiff's Objection. Def.'s Response to Pl.'s Obj. R & R, ECF No. 27. Accordingly, this matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where de novo review is appropriate, a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's report and recommendation. *United States v. Raddatz,* 447 U.S. 667, 675 (1980). In other words, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may "accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see Halloway v. Bashara,* 176 F.R.D. 207, 209-10 (E.D. Va. 1997).

However, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review" and the Court need only review the R & R for "clear error." *Lee v. Saul,* No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019) (citations omitted); *Nichols v. Colvin,* 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (internal citations omitted).

## III. DISCUSSION

### A. Plaintiff's Objection is Improper

The threshold issue is whether Plaintiff's objection to the R & R is proper. To the extent that Plaintiff merely restates her summary judgment arguments, Plaintiff's Objection will only be reviewed for clear error. *Nichols,* 100 F. Supp. 3d at 497.

Plaintiff objects to Judge Krask's finding that the ALJ's assessment of Dr. Javier's opinion is supported by substantial evidence. Pl.'s Obj. at 1. Plaintiff's Objection cites to her Memorandum in

4

Support of her Motion for Summary Judgment and largely restates her summary judgment argument regarding the ALJ's assessment of Dr. Javier's opinion in making his RFC determination. *Id.* at 1-4. Stated in Plaintiff's own words, "Plaintiff argued in her [summary judgment] brief that a mere summary of evidence is not sufficient to satisfy the regulatory explanations of supportability and consistency, especially when probative evidence that bolsters the persuasiveness of the opinion evidence is cited in the ALJ's summary." *Id.* at 1 (citing Mem. Supp. Pl.'s Mot. Summ. J., ECF No. 20 at 10). Although the wording slightly differs, the substance of Plaintiff's objection clearly repackages her summary judgment argument: the Magistrate Judge should have found that the ALJ's RFC determination was not supported by substantial evidence "because the ALJ failed to properly evaluate the opinion evidence of Plaintiff's treating physician, Rosa M. Javier." *See* Pl.'s Obj. at 1; *compare* Mem. Supp. Pl.'s Mot. Summ. J., ECF No. 20 at 6.

In an attempt to distinguish the objection from her summary judgment argument, Plaintiff asserts that Judge Krask "focuse[d] his decision on a substantial evidence argument" but failed to "provide a sufficient analysis of whether or not the legal requirements of the regulations were satisfied." Pl.'s Obj. at 3 (citing R & R at 28-30). However, the R & R does address whether the ALJ omitted an articulation of how Dr. Javier's opinion was not supported by or inconsistent with the record while mischaracterizing and ignoring probative evidence. R & R at 30-31. Because Judge Krask fully reviewed these contentions and subsequently rejected them, the Court concludes that Plaintiff's sole objection to the R & R appears to rehash her summary judgment argument. The Court rejects such rehashing. Having reviewed the record, the Court finds no clear error.

### B. There Is No Meritorious Reason To Sustain Plaintiff's Objection

To the extent that Plaintiff's Objection does not merely restate her previously raised summary judgment argument, this Court conducts a *de novo* review to determine whether the factual findings are supported by substantial evidence and reached through application of the correct legal

5

standard. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).

Although written as a single objection, Plaintiff appears to make two related claims regarding Judge Krask's finding that the ALJ's evaluation of Dr. Javier's opinion is supported by substantial evidence. *Id.* First, Plaintiff claims that the Magistrate Judge failed to determine whether the ALJ's written opinion sufficiently articulates the reasons for his assessment of Dr. Javier's opinion, as required by the new regulations. Pl.'s Obj. at 1-4. Second, Plaintiff claims that the Magistrate Judge failed to consider the ALJ's characterization of certain probative evidence in finding that Dr. Javier's opinion is not persuasive. The Court addresses both contentions below. *Id.*

### 1. The ALJ's Written Opinion Meets the Reasonable Articulation Standard as Outlined by the New Regulations

Plaintiff disputes the ALJ's evaluation of Dr. Javier's opinion at step four in the disability evaluation process. At step four, the ALJ carefully considered all of Plaintiff's symptoms and the extent to which those symptoms could be reasonably accepted as consistent with objective medical evidence and other record evidence, as required by regulation. R. at 19. The ALJ also considered all relevant hearing testimony from both Plaintiff and the Vocational Expert as well as all medical opinion evidence, including the opinion of Plaintiff's treating physician, Dr. Javier, before determining Plaintiff's RFC. *Id.* at 19-22.

Dr. Javier treated Plaintiff from 2016 at least through the submission of her medical evaluation report dated November 8, 2019, which was included in Plaintiff's disability claim. R & R at 18-19 (citing R. 1180-82). In her medical evaluation report, Dr. Javier was asked to summarize Plaintiff's impairments, which she summarized as "polyarthralgias" and "visual loss." R. at 1180. These impairments were generally supported by Dr. Javier's "Rheumatology and Ophthalmology notes[,] [l]abs, xrays." *Id.* Dr. Javier noted that these conditions restrict Plaintiff's ability to work and would limit Plaintiff to needing extra rest breaks in each workday, fifteen days off per month, standing or walking for no more than three hours in an eight-hour workday, and avoiding pushing and pulling hand or leg controls. *See* R & R at 19 (citing 1180-82). Dr. Javier also opined that Plaintiff is totally restricted in her ability to work "around unprotected heights," be "around moving machinery," be "exposed to marked changes in temperature and humidity, . . . dust, fumes and gases, and that these impairments will last over 12 months, with no noted prognosis for recovery." *Id.*

After considering the full record, the ALJ determined that Plaintiff possessed the RFC to perform light work with certain restrictions. Id. at 20-21 (citing R. 16-17). These restrictions included some but not all of Dr. Javier's suggested work limitations based on explained inconsistencies with medical and other record evidence. *Id.* In the ALJ's own words, the RFC only included limitations "to the extent they [we]re supported by the medical evidence of record," explaining that "the actual evidence does not support the degree of function restrictions alleged by [Plaintiff] or a finding that [Plaintiff] would be unable to perform work within the [specified] parameters." R. at 22. Plaintiff now objects to Judge Krask's finding that the ALJ's evaluation of Dr. Javier's opinion is supported by substantial evidence, claiming that the Magistrate Judge failed to determine whether the ALJ's written opinion sufficiently articulates the reasons for his assessment of Dr. Javier's opinion, as required by the new regulations. Pl.'s Obj. at 1.

7

When making a RFC determination, an ALJ must consider and evaluate all medical opinions and medical evidence. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The ALJ must articulate the "persuasiveness" of all medical opinions by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict the medical opinion." *Id.* §§ 404.1520c, 416.920c(a), (b), (c)(1)–(5). Supportability and consistency are the "most important" factors, and the ALJ must discuss how these factors were considered in the written opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Under these factors, the (1) more relevant the objective medical evidence and supporting explanations presented by a medical source are to support her medical opinion and (2) more consistent a medical opinion is with the evidence from other medical and nonmedical sources in the claim, the more persuasive the medical opinion will be. *Id.* §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2) (explaining the supportability and consistency factors). The ALJ is not required to explain how the other factors were considered. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). The regulations also do not require the ALJ to "adhere to any particular format" in the decision, although the ALJ must comply with a "reasonable articulation standard" that enables "a reviewing court to trace the path of an adjudicator's reasoning, and will not impede a reviewer's ability to review a determination or decision, or a court's ability to review [the ALJ's] final decision." 82 Fed. Reg. 5844-01 at 5858; *Woodson v. Berryhill*, 2018 WL 4659449, at *6 (E.D. Va. Aug. 7, 2018), report and recommendation adopted, 2018 WL 4658681 (E.D. Va. Sept. 27, 2018).

Here, the ALJ assessed the persuasiveness of Dr. Javier's opinion and found that it was not supported by or consistent with the "objective medical evidence and supporting explanations" in several instances. *See* C.F.R. §§ 404.1520c(c)(1). First, the ALJ found that Dr. Javier's opinion "is not supported by or consistent with the overall medical evidence of record, including diagnostic test results or measurable findings on clinical examinations." R. 21-22. Second, the ALJ found that Dr.

8

Javier's opinion "is not supported by or consistent with the mostly normal findings from physical examinations, including the findings that the [Plaintiff] retained normal strength and sensation, had normal range of motion over her extremities, had no active joint synovitis, and walked with a normal gait, as described more detail above." Id. The R & R finds, and the Court agrees, that evidence of Plaintiff's normal strength and gait and lack of active joint synovitis are respectively "at least facially inconsistent with Dr. Javier's suggested limitations on walking/standing and polyarthralgia." R & R at 31 (citing R. 20, 1181). Although Plaintiff questions how a doctor's own notes can be rejected as inconsistent with the record, the ALJ explains that Dr. Javier's notes lack reference to any *specific* evidence to support any additional work limitations. Pl.'s Obj. at 4; R & R at 30-31 (emphasis added). Dr. Javier broadly references her "Rheumatology and Ophthalmology notes[,] [l]abs, [and] xrays reviewed (available upon request)" to support her opinion, but the ALJ's review of those notes, labs, and x-rays found that her references are not persuasive in light of all the other objective medical evidence and supporting explanations that do not support Dr. Javier's opinion on additional restrictions. *Id.*

Plaintiff also claims that the ALJ's evaluation of Dr. Javier's opinion fails to meet the reasonable articulation standard because it is a "summary of evidence that occurs outside of the [ALJ's] persuasiveness analysis of [Dr. Javier's] opinion evidence," rather than a proper articulation of how he considered both factors under the regulation. Pl.'s Obj. at 1. The Court disagrees. The ALJ is not required to "adhere to any particular format," so long as he clearly articulates how he considered the supportability and consistency factors. Here, the ALJ's written opinion includes references to other parts of the opinion as support for his explanation of how he considered the persuasiveness Dr. Javier's opinion in light of the other objective evidence. For example, the ALJ noted that his RFC determination is "consistent with the findings that [Plaintiff] had some tenderness over her paraspinal muscles, and had occasionally positive rotator signs on the right, but otherwise

9

had generally benign examination findings. . . ." R. 22. As the R & R notes, the ALJ supports this conclusion with various references to the medical record, describing:

> Plaintiff's "normal strength or muscle tone, R. 18-20 (citing R. 445, 450, 455, 461, 470, 472, 771), normal range of motion, *id.* (citing R. 439, 445, 450, 452, 455, 458, 462-63, 466, 472, 720, 728, 752, 764, 770-71, 1310), no active joint synovitis, *id.* (citing R. 439, 452, 458, 462-63, 714, 728, 1310), and normal gait, *id.* (citing R. 445, 450, 455, 472, 770-71). Further, the ALJ discussed [P]laintiff's physical therapy records from June 2019, noting [P]laintiff "reported only a little limitation and performing activities including walking blocks, climbing a flight of stairs, performing maneuvers, and lifting or carrying items such as groceries." R. 20 (citing R. 1303). The ALJ also cited the following medical tests, which were largely normal, including an x-ray of [P]laintiff's skull, R. 18 (citing R. 360), an echocardiogram, *id.* (citing R. 852-53), a neck CT, R. 19 (citing R. 595-96) and x-rays of her hands, *id.* (citing R. 828-29), her ribs, R. 20 (citing R. 1052), her right shoulder, *id.* (citing R. 1053), her right knee, *id.* (citing R. 1053), and her spine, *id.* (citing R. 1315). Notably, these citations include Dr. Javier's own records, as required for the ALJ to consider supportability. R. 445, 450, 461, 470, 752, 764, 770-72." R & R at 29-30 (finding that the ALJ's summation of these citations is accurate).

Accordingly, the ALJ's reference to the "the overall medical evidence of record" and "mostly normal findings from physical examination" provide factual support for his conclusion that parts of Dr. Javier's opinion is not supported or consistent with the evidence from other medical and nonmedical sources in Plaintiff's claim.

Ultimately, the written opinion enables this Court to "trace the path" of the ALJ's reasoning as required by regulation. *See* 82 Fed. Reg. 5844-01 at 5858; *Woodson*, 2018 WL 4659449, at *6. The Court finds that the ALJ provided the Court and Plaintiff with a sufficient understanding of how the supportability and consistency factors were considered in his evaluation of Dr. Javier's opinion. Therefore, in reviewing this objection *de novo*, the Court finds that the ALJ's assessment of the Dr. Javier's opinion meets the reasonable articulation standard under the new regulations.

### 2. The ALJ Properly Considered All Evidence in the Record in Assessing the Persuasiveness of Dr. Javier's opinion

Plaintiff also argues that Judge Krask failed to consider the ALJ's treatment of certain probative evidence in his persuasiveness analysis of Dr. Javier's opinion and finding that substantial

10

evidence supported the ALJ's RFC determination. As noted above, substantial evidence exists when relevant evidence presented before a "reasonable mind" is adequate to support a conclusion....based on more than a mere scintilla of evidence but... somewhat less than a preponderance." *Craig*, 76 F.3d at 589 (citations omitted). The Court finds that the ALJ's evaluation of Dr. Javier's opinion is supported by substantial evidence.

      The ALJ properly assessed the persuasiveness of Dr. Javier's opinion, in the same manner as his evaluation of all the other medical opinions, by engaging in a thorough consideration of the medical record evidence, including, *inter alia*: plaintiff's treatment history; mental limitations; "diagnostic test results and measurable findings on clinical examinations, specifically with the mostly normal physical examination findings, the findings of normal strength and sensation, the normal range of motion for her extremities, the lack of active joint synovitis, and her normal gait" to determine the supportability and consistency of each medical opinion. R & R at 22 - 24 (citing to R. 20-22). Additionally, findings regarding Plaintiff's improvement and progress in physical therapy demonstrate that there was reasonable and substantial evidence showing increased signs of mostly normal strength in Plaintiff's back and better balance which weakens her argument that the ALJ should have factored in this probative evidence differently. Finally, Dr. Javier's failure to point to specific findings to warrant additional limitations in light of other objective medical evidence provide substantial support for the ALJ to conclude that Dr. Javier's opinion is not persuasive.

      Plaintiff's Objection cites to the ALJ's alleged failure to consider her lumbar spine x-ray as an example of probative evidence that the ALJ failed to consider. Pl.'s Obj. at 2-3. Judge Krask discussed Plaintiff's October 16, 2019 lumbar spine x-ray that revealed severe narrowing of the L5-S1 disc space, and agreed with Plaintiff that the ALJ could have more fully discussed the x-ray results in his decision. R & R at 35 (citing to R. 20). However, Judge Krask also found that "[t]he Court need not speculate about why the ALJ did not discuss the severe narrowing finding, because

11

the ALJ focused on the real-world effects of [P]laintiff's ailments and accurately noted that they did not place [P]laintiff in any acute distress, limit her range of motion, or cause joint synovitis." R & R at 35 (citing to R. 20). In reviewing the record, Judge Krask found substantial support for the ALJ's decision not to credit Dr. Javier's recommended limitations based on records immediately before the x-ray was taken.

Plaintiff argues that Judge Krask's decision holds that "as long as the ALJ cites some evidence, at some point in the decision, it will be supported by substantial evidence" – which is a gross mischaracterization or misunderstanding of the R & R. Pl.'s Obj. at 7. The Court agrees with Plaintiff's contention that this is not the law. But it also finds that in the case at hand the ALJ did more than just cite to some evidence. Instead, the ALJ's opinion fully considers all probative evidence in the record in assessing the persuasiveness of Dr. Javier's opinion. The ALJ reasonably determined, based on a review of the record of the whole, that Dr. Javier's opinion was inconsistent with her own treatment records because the weight of the evidence did not support additional restrictions on Plaintiff's ability to perform light work. Plaintiff now asks the Court to improperly re-weigh conflicting evidence to find that Dr. Javier's opinion on certain limitations is persuasive and should have been adopted by the ALJ in his RFC determination. *Id.* But the Court will not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Id.* The Court reviews Plaintiff's Objection *de novo* and agrees with Judge Krask's finding that the ALJ's analysis of evidence of Plaintiff's paraspinal musculature and x-rays, which Plaintiff labels as "mischaracterized," and discussion of Plaintiff's balance issues, which Plaintiff claims were "ignored," were supported by an adequate factual record and supported his finding that Dr. Javier's opinion is not persuasive.

Therefore, the Court finds that the ALJ articulated adequate reasons for finding that certain aspects of Dr. Javier's opinion is not persuasive, referencing specific evidence in the record to

support this finding. Accordingly, the ALJ sufficiently explained how the evidence supports the RFC determination that Plaintiff is able to perform a reduced range of light work with certain restrictions. Substantial evidence pulled from Plaintiff's hearing testimony, medical records, reported activities, and medical opinions all provide support for the ALJ's assessment of Dr. Javier's opinion. *See Richardson v.* Perales, 402 U.S. 389, 400 (1971) (citations omitted). Thus, Plaintiff's Objection is overruled.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objection to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objection. As set forth above, the Court has conducted a *de novo* review of the relevant portions of the R & R to which objection has been made and concurs with the findings and recommendations of Judge Krask. Therefore, the Court **OVERRULES** Plaintiff's Objection, ECF No. 26, to Judge Krask's Report and Recommendation. Furthermore, the Court has reviewed the remainder of the R & R along with the record of this case and finds no clear error.

For these reasons, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on April 29, 2022. The Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner. This case is dismissed with prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 27, 2022

Raymond A. Jackson
United States District Judge